```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MICHAEL J. PISKANIN          :          CIVIL ACTION
                             :
         v.                  :
                             :
DET. GARY HAMMER, ET AL.     :          NO.  04-1321
_____

**MEMORANDUM**

**Padova, J.**                            **November 14, 2005**

Plaintiff has brought this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 against Detective Gary Hammer, the Colonial Regional Police Department, Richard Lobach, Lieutenant Jim Kostura, Todd L. Buskirk, and the County of Northampton asserting claims arising from the search of Plaintiff's residence and his subsequent arrest, search and pre-trial detention.  Before the Court are the Motion to Dismiss filed by Defendants Hammer and the Colonial Regional Police Department, the Motion to Dismiss filed by Defendant Lobach, and the Motion for Judgment on the Pleadings filed by Defendants Kostura, Buskirk, and the County of Northampton.  For the reasons which follow, the Court grants in part and denies in part said Motions to Dismiss and grants the Motion for Judgment on the Pleadings.

I.   BACKGROUND

The Amended Complaint alleges the following facts.  Plaintiff Michael Piskanin is an adult who is presently a pre-trial detainee at Lehigh County Prison.  (Am. Compl. ¶ 2.)  Following an arson fire at his previous residence, which Plaintiff believes was set by his then landlord, he and his common-law wife made arrangements for

a long term stay at the Holiday Inn, 300 Gateway Drive, Bethlehem, Pennsylvania, beginning on or about September 27, 2003.  (Id. ¶ 10.)  Plaintiff was subjected to an investigation by the Catasauqua police department in connection with some counterfeit checks and drivers licenses found at the fire scene.  (Id.)  Plaintiff was not charged in connection with that investigation.  (Id.)

In February 2004, Richard Lobach, the manager of the Holiday Inn, asked Plaintiff to leave.  (Id.)  Plaintiff served Lobach with a written demand for a 30-day "Quit" notice.  (Id.)  While intoxicated, and angry over Plaintiff's demand for a "Quit" notice, Lobach committed criminal mischief to Plaintiff's room.  (Id.) Lobach then called the Colonial Regional Police Department to falsely accuse Plaintiff of criminal mischief.  (Id.)

Det. Hammer responded to the call and executed a "warrantless, non-consensual" search of Plaintiff's room with Lobach.  (Id.) Det. Hammer then called the Catasauqua Police Department.  (Id.) Seeking an opportunity to become involved in a "career enhancing counterfeit investigation," Det. Hammer applied to District Magistrate Barbara Schlegel for a felony warrant for Plaintiff's arrest based upon an Affidavit of Probable Cause charging Plaintiff with criminal mischief in violation of 18 Pa. Cons. Stat. Ann. § 3304 (a)(1).  (Id.)

On the morning of March 10, 2004, Det. Hammer arrested Plaintiff at the Microtel Motel, located in Lehigh County.  (Id.)

2

Det. Hammer searched Plaintiff and Plaintiff's car and motel room, seizing the contents of Plaintiff's pockets, including his car keys and wallet, and the contents of Plaintiff's vehicle and motel room. (<u>Id.</u>)  He then removed Plaintiff from Lehigh County and took him to Northampton County, where he appeared before District Magistrate Schlegel.  (<u>Id.</u>)  District Magistrate Schlegel set bail at $10,000, but failed to allow Plaintiff the opportunity to obtain a bail bond.  (<u>Id.</u>)  Det. Hammer then took Plaintiff to Northampton County Prison in lieu of $10,000 bail.  (<u>Id.</u>)  Plaintiff was not given the opportunity to call bail bondsmen while he was in intake at Northampton County Prison.  (<u>Id.</u>)  He was placed in a holding cell, in an area with phones and the phone numbers of bail bondsmen, but was removed from that area by Lt. Kostura, an officer at the Northampton County Prison, before he could use the phones.  (<u>Id.</u>)

Lt. Kostura removed Plaintiff from the holding cell to the "Bubble," where Plaintiff was placed on suicide watch.  (<u>Id.</u>) Plaintiff was ordered to remove his clothing when he was placed in the Bubble, and a writ of habeas corpus, his glasses, his pen and his religious "miraculos [sic] medal" were taken from him by Lt. Kostura.  (<u>Id.</u>)  Plaintiff's religious medal was lost or deliberately withheld from Plaintiff for more than 30 days, causing Plaintiff great emotional distress.  (<u>Id.</u>)  Although Lt. Kostura purportedly placed Plaintiff in the Bubble because he was a suicide risk, Plaintiff believes that he was actually placed in the Bubble

by Lt. Kostura to prevent him from accessing bail and to deprive him of his constitutional rights, privileges and immunities as a pre-trial detainee.  (Id.)

The Amended Complaint asserts claims against Lt. Kostura, Det. Hammer and Buskirk[1] for conspiracy to violate Plaintiff's rights under the Pennsylvania and United States Constitutions pursuant to 42 U.S.C. §§ 1983 and 1985 on March 10, 2004 (Count I); against Lt. Kostura, Buskirk, Det. Hammer, the Colonial Regional Police Department and the County of Northampton for conspiracy to violate Plaintiff's rights under Pennsylvania and federal law and the Pennsylvania and United States Constitutions pursuant to 42 U.S.C. §§ 1983 and 1985 on March 10, 2004 (Counts II and III); and against Det. Hammer, Lobach and the Colonial Regional Police Department for conspiracy to violate Plaintiff's rights under Pennsylvania and federal law and the Pennsylvania and United States Constitutions pursuant to 42 U.S.C. §§ 1983 and 1985 from February 27 - March 10, 2004 (Counts IV and V).[2]

II.  LEGAL STANDARD

Det. Hammer, the Colonial Regional Police Department, and Holiday Inn manager Richard Lobach have moved to dismiss the

---

[1]Todd L. Buskirk is identified in the Amended Complaint as having been the Warden of the Northampton County Prison during the relevant time period.

[2]The claims brought against Det. Hammer, Lt. Kostura and Todd L. Buskirk are brought against them both individually and in their official capacities.

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it does not state all of the necessary elements of claims of conspiracy to violate civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 and that it does not state a claim for municipal liability against the Colonial Regional Police Department upon which relief may be granted.  When determining a motion to dismiss pursuant to Rule 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the Plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  A Rule 12(b)(6) motion will be granted when a Plaintiff cannot prove any set of facts, consistent with the complaint, which would entitle him or her to relief.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

Lt. Kostura, Buskirk, and the County of Northampton have filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeking dismissal of the Amended Complaint as

against the County of Northampton and as against Lt. Kostura and
Buskirk in their official capacities, on the grounds that the
Amended Complaint does not state a claim for municipal liability
against any of these Defendants upon which relief may be granted.
Motions for judgment on the pleadings brought pursuant to Federal
Rule of Civil Procedure 12(c) are reviewed under the same standard
as motions to dismiss pursuant to Rule 12(b)(6).   Spruill v.
Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (noting that there is
"no material difference in the applicable legal standards" for Rule
12(b)(6) and Rule 12(c) motions).

The Court will address the movants' arguments with respect to
Plaintiff's claims brought pursuant to Section 1985 first, his
individual claims brought pursuant to Section 1983 second, and his
municipal liability claims brought pursuant to Section 1983 third.

III. SECTION 1985 CONSPIRACY CLAIMS

Det. Hammer, the Colonial Regional Police Department, and
Lobach have moved to dismiss the Amended Complaint on the grounds
that it does not state all of the necessary elements of a claim of
conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985.
42 U.S.C. § 1985(3) provides a private right of action for an
individual who has been injured by a conspiracy of two or more
persons to deprive him, or a class of persons, of "the equal
protection of the laws, or of equal privileges and immunities under
the laws . . . ." 42 U.S.C. § 1985(3).  In order to state a claim

6

for conspiracy to violate civil rights pursuant to 42 U.S.C. §

1985(3), a complaint must allege the following elements:

> (1) a conspiracy; (2) for the purpose of
> depriving any person or class of person of
> equal protection of the laws or equal
> privileges and immunities; (3) an act in
> furtherance of the conspiracy; (4) whereby a
> person is either injured in his person or
> property or deprived of any right or privilege
> of a citizen of the United States.  To satisfy
> the second element, Plaintiff must allege that
> the Defendants were motivated by some racial,
> or perhaps otherwise class-based, invidiously
> discriminatory animus.

Sutton v. West Chester Area School Dist., No.Civ.A. 03-3061, 2004

WL 999144, at *17-*18 (E.D. Pa. May 5, 2004) (citing Kelleher v.

City of Reading, No.Civ.A. 01-3386, 2001 WL 1132401, at *2 (E.D.

Pa. Sep. 21, 2001)).  The Amended Complaint does not allege that

any of the Defendants were motivated by racial or other class-based

invidiously discriminatory animus, or that Plaintiff belongs to a

protected class.  Accordingly, the Motions to Dismiss are granted

with respect to Plaintiff's claims brought pursuant to 42 U.S.C. §

1985 in Counts I-V of the Amended Complaint and those claims are

dismissed.

IV.  SECTION 1983 CONSPIRACY CLAIMS

     Det. Hammer, the Colonial Regional Police Department, and

Lobach have also moved to dismiss the Amended Complaint on the

grounds that it does not state all of the necessary elements of

claims of conspiracy to violate civil rights pursuant to 42 U.S.C.

§ 1983.  Section 1983 provides a private right of action for an

individual injured by the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law.  42 U.S.C. § 1983.  In order to state a claim pursuant to Section 1983, a plaintiff "must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."  Chapman v. Acme Markets, Inc., No.Civ.A. 97-6642, 1998 WL 196400, at *2 (E.D. Pa. Apr. 23, 1998) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982)).

In order to state a claim for conspiracy pursuant to Section 1983, the Amended Complaint must allege "(1) the existence of a conspiracy involving state action; and (2) a [deprivation] of civil rights in furtherance of the conspiracy by a party to the conspiracy."  Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000) (citations omitted).  A conspiracy is "'a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'"  Id. (quoting Panayotides v. Rabenold, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999), aff'd, 210 F.3d 358 (3d Cir. 2000)).  Consequently, a claim for conspiracy pursuant to Section 1983 must specifically allege the "combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the

alleged chain of events." Id. (citations omitted).  Moreover, "'[o]nly allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient.'" Id. (quoting Outterbridge v. Pennsylvania Dep't of Corrections, No.Civ.A. 00-1541, 2000 WL 795874, at *3 (E.D. Pa. June 7, 2000)).

The Amended Complaint alleges two distinct conspiracies.  The first conspiracy took place between February 27, 2004 and March 10, 2004 between Det. Hammer, the Colonial Regional Police Department and Lobach.  (Compl. Counts IV - V.)  The second conspiracy took place on March 10, 2004, involving Det. Hammer, the Colonial Regional Police Department, Lt. Kostura, Buskirk and the County of Northampton.  (Compl. Counts I - III.)

A.    The February 27 - March 10, 2004 Conspiracy

Counts IV and V of the Amended Complaint allege that, between February 27 and March 10, 2004, Det. Hammer and Lobach conspired and agreed to falsely accuse and charge Plaintiff with criminal mischief, namely the use of explosives at the Holiday Inn.  (Am. Compl. 2d ¶ 16.)  The purpose of the conspiracy was to deprive Plaintiff of his "right to reputation, freedom from unreasonable search and seizure, due process of law, and to obtain a felony warrant to search and seize Michael Piskanin in hopes of discovering incriminating evidence of counterfeiting against

9

Michael Piskanin." (Id.)  In furtherance of this conspiracy, Det. Hammer "submitted a criminal complaint and affidavit of probable cause to District Magistrate Barbara Schlegel falsely accusing Plaintiff Michael Piskanin of criminal mischief involving explosives and [incendiaries], knowing that the charge and allegations supporting it were false." (Id. ¶ 17.)  Also in furtherance of the conspiracy, Lobach provided supporting, exaggerated, and false testimony before District Magistrate Schlegel. (Id. ¶ 18.)  In addition, Det. Hammer, in furtherance of this conspiracy, arrested Plaintiff under color of state law, and subjected him to an illegal search and seizure of his person, personal effects, car, and motel room on March 10, 2004. (Id. ¶ 23.)

> 1.   Existence of the conspiracy

The Court finds that Counts IV and V of the Amended Complaint allege an agreement between Det. Hammer and Lobach to deprive Plaintiff of his Constitutional rights to freedom from unreasonable search and seizure.  The Amended Complaint contains particularized allegations regarding the period of the conspiracy, between February 27 and March 10, 2004;  the object of the conspiracy, to falsely arrest Plaintiff so that Det. Hammer could perform an illegal search to discover evidence of counterfeiting by Plaintiff;  and actions of the alleged conspirators taken to achieve that purpose, i.e., the false statements made by Det. Hammer in the

criminal complaint and affidavit of probable cause which led to
Plaintiff's arrest for criminal mischief, the false statements made
by Det. Hammer and Lobach to District Magistrate Schlegel, and Det.
Hammer's arrest and subsequent search of Plaintiff, Plaintiff's car
and Plaintiff's motel room.   The Court finds, therefore, that
Counts IV and V of the Amended Complaint allege the existence of a
conspiracy involving state action with sufficient specificity to
satisfy the first element of a claim for conspiracy pursuant to 42
U.S.C. § 1983.  See Marchese, 110 F. Supp. 2d at 371.

In order to survive the Motions to Dismiss, the Amended
Complaint must also satisfy the second factor by alleging "a
[deprivation] of civil rights in furtherance of the conspiracy by
a party to the conspiracy."  See id.  The Amended Complaint cannot
state a claim for conspiracy in violation of Section 1983 unless it
states an actual violation of Plaintiff's constitutional rights.
See Morley v. Philadelphia Police Dept., No.Civ.A. 03-880, 2004 WL
1527829, at *7 (E.D. Pa. July 7, 2004) ("'Section 1983 does not
create a cause of action per se for conspiracy to deprive one of a
constitutional right.  Without an actual deprivation, there can be
no liability under Section 1983.'") (quoting Garner v. Twp. of
Wrightstown, 819 F. Supp. 435, 445 n.7 (E.D. Pa. 1993)), aff'd 125
Fed. Appx. 457 (3d Cir. 2005).

2.   Deprivation of rights arising from state law and
     <u>federal statute</u>

Counts IV and V of the Amended Complaint allege that the
February 27 - March 10, 2004 conspiracy resulted in the violation
of Plaintiff's civil rights under 18 Pa. Cons. Stat. Ann. § 5301,
42 Pa. Cons. Stat. Ann. § 8953, 18 U.S.C. § 242, and article I,
sections 1, 8, and 9 of the Pennsylvania Constitution. (Am. Compl.
¶¶ 20, 27.)  Section 1983 does not provide a private right of
action for violation of state law.  <u>See</u> <u>Nellom v. Luber</u>, No.Civ.A.
02-2190, 2004 WL 816922, at *5 (E.D. Pa. Mar. 8, 2004) ("'An
alleged violation of state law . . . does not state a claim under
section 1983.'" (quoting <u>Elkin v. Fauver</u>, 969 F.2d 48, 52 (3d Cir.
1992)), <u>appeal dismissed</u> 119 Fed. Appx. 428 (3d Cir. 2004).  The
Court finds, accordingly, that the Amended Complaint does not state
a claim under 42 U.S.C. § 1983 for violation of Plaintiff's civil
rights pursuant to 18 Pa. Cons. Stat. Ann. § 5301, 42 Pa. Cons.
Stat. Ann. § 8953, and article I, sections 1, 8, and 9 of the
Pennsylvania Constitution.

Section 1983 also does not provide a private right of action
for violation of 18 U.S.C. § 242.[3]  In order to bring suit to

_____

[3]18 U.S.C. § 242 provides as follows:
        Whoever, under color of any law, statute,
        ordinance, regulation, or custom, willfully
        subjects any person in any State, Territory,
        Commonwealth, Possession, or District to the
        deprivation of any rights, privileges, or
        immunities secured or protected by the
        Constitution or laws of the United States, or

enforce a right created by federal law pursuant to Section 1983, Plaintiff must demonstrate that the federal statute creates an individual right, i.e., that Congress intended to create a private right of action to enforce that right.  <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 283-85 (2002).   18 U.S.C. § 242 is the criminal counterpart to Section 1983.  <u>See</u> <u>Cito v. Bridgewater Twp. Police Dept.</u>, 892 F.2d 23, 26 n.3 (3d Cir. 1989).  "[I]t is settled law that private citizens do not enjoy a private right of action under 18 U.S.C. § 242." <u>O'Neil v. Beck</u>, No.Civ.A. 1:04-cv-2825, 2005 WL 2030319, at *1 (M.D. Pa. Aug. 4, 2005) (citing <u>Cito</u>, 892 F.2d at 26 n.3).  Consequently, Plaintiff cannot assert a claim pursuant to Section 1983 for violation of 18 U.S.C. § 242.  The Court finds, therefore, that Counts IV and V of the Amended Complaint do not allege deprivation of Plaintiff's civil rights under state law or 18 U.S.C. § 242 "in furtherance of the conspiracy by a party to the conspiracy" in satisfaction of the second element of a claim for conspiracy pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>Marchese</u>, 110 F. Supp. 2d at 371.  The Court further finds, accordingly, that Counts IV and V fail to state claims pursuant to Section 1983 for conspiracy to violate Plaintiff's civil rights under state law and

---

          to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . . .
18 U.S.C. § 242.

18 U.S.C. § 242 upon which relief may be granted and Defendants'
Motions to Dismiss are granted with respect to these aspects of
Counts IV and V.

       3.   Deprivation of rights arising from the First,
           <u>Fifth, Eighth, and Fourteenth Amendments</u>

Count IV of the Amended Complaint also asserts that the
February 27 - March 10, 2004 conspiracy resulted in violations of
Plaintiff's civil rights pursuant to the First, Fifth, Eighth and
Fourteenth Amendments to the United States Constitution.  (Am.
Compl. ¶ 20.)  Count V also asserts that this conspiracy resulted
in violations of Plaintiff's civil rights pursuant to the Fourth
and Fifth Amendments to the United States Constitution.  (Am.
Compl. ¶ 27.)

The First Amendment protects freedom of religion, speech,
assembly, and the right "to petition the Government for a redress
of grievances."  U.S. Const. amend I.  Count IV of the Amended
Complaint is solely concerned with Plaintiff's arrest and the
searches incident to that arrest; it does not allege any facts with
respect to Plaintiff's right to religious freedom, freedom of
speech, freedom of assembly or freedom to petition the Government.
Consequently, the Court finds that Count IV does not state a claim
pursuant to Section 1983 for violation of Plaintiff's rights under
the First Amendment.

Counts IV and V of the Amended Complaint do not specify which
aspects of the Fifth and Fourteenth Amendments provide the rights

allegedly violated by Det. Hammer and Lobach, but imply that the arrest and search of Plaintiff, his car and his motel room violated his substantive due process rights.  Claims of unreasonable search and seizure are, however, governed by explicit constitutional text in the Fourth Amendment and may not, therefore, be brought as claims for violation of the right to substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)) (footnote omitted); see also County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (noting that a substantive due process analysis is inappropriate if the plaintiff's claim can be brought under the Fourth Amendment). The Court finds, accordingly, that Counts IV and V fail to state claims pursuant to Section 1983 for violation of Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments.

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  Count IV of the Amended Complaint is solely concerned with Plaintiff's arrest and the searches incident to that arrest, it does not allege any claims

with respect to the amount of bail set by the District Magistrate after Plaintiff's arraignment, his ability to access bail bondsmen to pay bail, or the conditions of his incarceration.  The Court finds, therefore, that Count IV does not state a claim pursuant to Section 1983 for violation of Plaintiff's rights under the Eighth Amendment.

For the reasons stated above, the Court finds that Counts IV and V of the Amended Complaint do not allege deprivations of Plaintiff's civil rights under the First, Fifth, Eighth and Fourteenth Amendments "in furtherance of the conspiracy by a party to the conspiracy" in satisfaction of the second element of a claim for conspiracy pursuant to 42 U.S.C. § 1983.  See Marchese, 110 F. Supp. 2d at 371.  The Court further finds, accordingly, that Counts IV and V fail to state claims pursuant to Section 1983 for conspiracy to violate Plaintiff's First, Fifth, Eighth and Fourteenth Amendment rights upon which relief may be granted and Defendants' Motions to Dismiss are granted with respect to these aspects of Counts IV and V.

       4.   Deprivation of rights arising under the Fourth Amendment

Counts IV and V also allege that the February 27 - March 10, 2004 conspiracy resulted in the false arrest of Plaintiff and searches incident to that arrest which violated Plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures. The Fourth Amendment states that "[t]he right of the people to be

16

secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause . . . ." U.S. Const. amend IV.  Det. Hammer and the Colonial Regional Police Department maintain that these claims must be dismissed as against Det. Hammer because he is protected by qualified immunity.  Lobach contends that these claims must be dismissed as against him because he is not a state actor.

    a.  Qualified Immunity

    Det. Hammer argues that Counts IV and V do not state Section 1983 claims against him upon which relief may be granted because he is entitled to qualified immunity.  Qualified immunity shields "government officials performing discretionary functions . . . 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Kopec v. Tate, 361 F.3d 772, 776 (3d Cir.) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)), cert. denied 125 S. Ct. 453 (2004).  The burden is on the official to establish that he or she is entitled to qualified immunity.  Id. (citing Beers-Capitol v. Whetzel, 256 F.3d 120, 142 n.15 (3d Cir. 2001)).  "[T]he standard of review for a 12(b)(6) motion favors denying qualified immunity."  Breslin v. Brainard, No.Civ.A. 01-7269, 2002 WL 31513425, at *7 n.11 (E.D. Pa.

Nov. 1, 2002) (citing <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992)).

In <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2001), the Supreme Court held that a two-step inquiry must be used when ruling on a claim of qualified immunity. The Court first considers "whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right." <u>Kopec</u>, 361 F.3d at 776 (citing <u>Saucier</u>, 533 U.S. at 201). If the complaint does not state a constitutional violation, the "'qualified immunity inquiry is at an end; the officer is entitled to immunity.'" <u>Id.</u> (quoting <u>Bennett v. Murphy</u>, 274 F.3d 133, 136 (3d Cir. 2002)). If, however, the Complaint, read in the light most favorable to the plaintiff, can be read to state a constitutional violation, "the next sequential step is to ask whether the right was clearly established." <u>Saucier</u>, 533 U.S. at 201. The Court looks at "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id.</u> at 202. "If it would not have been clear to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity." <u>Kopec</u>, 361 F.3d at 776.

Counts IV and V allege that Defendant Hammer knowingly obtained a warrant from District Magistrate Schlegel through the submission of a complaint and affidavit of probable cause which

18

contained falsehoods and used that warrant to subject Plaintiff to unlawful arrest and to illegal search and seizure of his person, personal effects, car, and motel room in violation of the Fourth Amendment.  Plaintiff's arrest and the searches which took place incident to that arrest are examined separately.

"The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988) (citations omitted).  Det. Hammer contends that qualified immunity applies in this case because Plaintiff was arrested pursuant to a warrant.  Where a plaintiff has been arrested pursuant to warrant, he may only succeed in a Section 1983 false arrest claim by showing the following: "(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)).  The Amended Complaint alleges that, in furtherance of his agreement with Lobach to falsely charge Plaintiff with criminal mischief, Det. Hammer submitted a criminal complaint and affidavit of probable cause to

19

the District Magistrate containing knowing falsehoods which falsely accused Plaintiff of criminal mischief.  (Am. Compl. ¶¶ 16-17.) The Court finds that these allegations are sufficient to support denial of Det. Hammer's claim of qualified immunity.  See Moyer v. Boro. of North Wales, No.Civ.A. 00-1092, 2000 WL 1665132, at *4 (E.D. Pa. Nov. 7, 2000) (finding that allegations that police officers agreed to falsely arrest Moyer and fabricate the charges brought against him were sufficient to state a claim for false arrest in violation of Moyer's Fourth Amendment rights).

Having determined that qualified immunity does not apply to Plaintiff's claim that he was falsely arrested in violation of the Fourth Amendment, the Court examines whether qualified immunity applies to the searches conducted incident to that arrest.  "It is well settled under the Fourth . . . Amendment[] that a search conducted without a warrant issued upon probable cause is per se unreasonable . . . ."  Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (citations omitted).  This right was clearly established prior to March 10, 2004, when Det. Hammer conducted the search of Plaintiff's person, car, and motel room.  As the Amended Complaint alleges that the warrant issued for Plaintiff's arrest was based upon falsehoods and, consequently, was not issued upon probable cause, the Court finds that the Amended Complaint alleges facts which support a denial of qualified immunity in connection with Plaintiff's claims that his Fourth Amendment rights were violated

by the illegal searches of his person, car and motel room incident to his unlawful arrest.[4]

Det. Hammer also claims that he is protected by qualified immunity in connection with the search of Plaintiff's person incident to his arrest whether or not the warrant for Plaintiff's arrest was supported by probable cause.  Det. Hammer relies on the decision of the United States Court of Appeals for the Third Circuit in Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997), in which the court noted that "the validity of the search for purposes of a § 1983 suit must be examined independently of the lawfulness of the arrests."  Id. at 823 (citations omitted).  The Sharrar court did not, however, address the constitutionality of a search of the suspect's person incident to a false arrest; rather, this portion of its opinion addressed the constitutionality of a warrantless protective sweep of a suspect's home after his arrest but before the arrival of a search warrant.  Id. at 822-25.  The Court finds, therefore, that Sharrar does not provide the necessary support for Det. Hammer's argument and that the Amended Complaint alleges facts which support a denial of qualified immunity in connection with Plaintiff's claims that his Fourth Amendment rights

---

[4]Det. Hammer also argues that he is protected by qualified immunity in connection with the warrantless search of Plaintiff's room at the Holiday Inn on February 24, 2004.  However, neither Count IV nor Count V state a claim for violation of Plaintiff's civil rights stemming from the February 24, 2004 search of his room in the Holiday Inn.  To the contrary, Count V specifically states that Plaintiff's claims arise from the searches on March 10, 2004.

were violated by the illegal search of his person incident to his false arrest.

b.   <u>Action under color of state law</u>

Lobach argues that the Amended Complaint fails to state a Section 1983 claim against him upon which relief may be granted because he is not a state actor.   Private parties may be liable under Section 1983 only when they have acted under color of state law.   <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995) (citing <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978)).   "Determining whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action so that the challenged action may be fairly treated as that of the [s]tate itself.'"   <u>McCracken v. Ford Motor Co.</u>, No.Civ.A. 01-4466, 2001 WL 1526051, at *4 (E. D. Pa. Nov. 27, 2001) (quoting <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982)).

The Court uses the following test to determine whether a private party has acted under color of state law:

> The first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority.   The second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as "state actors." <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 939 (1982).   The Court of Appeals for the Third Circuit has delineated three <u>Lugar</u> sub-tests to determine whether there has been state action: (1) whether the private entity has

22

> exercised powers that are traditionally in the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials, and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity. Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995).

Id. at *4 n.8.  The only test which applies in this case is the second, whether the private party acted as a joint actor with, or in concert with, the state.  Id.; see also Piazza v. Major League Baseball, 831 F. Supp. 420, 427 (E.D. Pa. 1993).

The Amended Complaint alleges that, on February 27, 2004, Det. Hammer and Lobach conspired and agreed to falsely accuse and charge Plaintiff with criminal mischief, namely the use of explosives at the Holiday Inn.  (Am. Compl. 2d ¶ 16.)  The Amended Complaint further alleges that both Det. Hammer and Lobach took steps in furtherance of the conspiracy.  (Id. ¶¶ 16-23.)  The Court finds that these allegations are sufficient to plead that Lobach acted in conspiracy with Det. Hammer and, therefore, acted under color of state law.

Having determined that qualified immunity does not apply to Det. Hammer's allegedly unlawful arrest of Plaintiff and the searches performed incident to that arrest, and having determined that the Amended Complaint does plead that Lobach acted under color of state law, the Court finds that the Amended Complaint alleges that Plaintiff was subjected to false arrest and illegal searches

23

in violation of his Fourth Amendment rights in "furtherance of the conspiracy by a party to the conspiracy."  See Marchese, 110 F. Supp. 2d at 371.  The Amended Complaint thus satisfies both prongs of a Section 1983 claim of conspiracy to violate Plaintiff's civil rights against Det. Hammer and Lobach with respect to his claims that he was falsely arrested and subjected to unreasonable searches and seizures in violation of the Fourth Amendment.  The Motions to Dismiss are, therefore, denied with respect to Plaintiff's Section 1983 conspiracy claims against Det. Hammer and Lobach in Counts IV and V of the Amended Complaint arising from the alleged violation of Plaintiff's Fourth Amendment rights.  The Motions to Dismiss are, however, granted with respect to Plaintiff's remaining claims for relief in Counts IV and V of the Amended Complaint against Defendants Hammer and Lobach.

    B.    The March 10, 2004 Conspiracy

    Counts I - III of the Amended Complaint allege a conspiracy to deprive Plaintiff of his civil rights between Det. Hammer, Lt. Kostura, Buskirk, the Colonial Regional Police Department and the County of Northampton arising from Plaintiff's pre-trial placement in the Northampton County Prison on March 10, 2004, his inability to contact a bail bondsman or counsel after his placement there, and his assignment to the Bubble.  Count I states that Lt. Kostura and Det. Hammer met and conspired to obstruct Plaintiff and block him from exercising his rights to bail, access to the courts,

assistance of counsel, freedom of religion, and the writ of habeas corpus. (Am. Compl. ¶ 12.) Count I further alleges that isolating pre-trial detainees by preventing them from obtaining bail and by placing them in the Bubble is part of a "good ol [sic] boy system between prison guards, supervisors and police" including Buskirk. (Id. ¶ 13.) Count II alleges that, in furtherance of this conspiracy, Lt. Kostura labeled Plaintiff as a suicide risk and assigned him to the Bubble where his petition for writ of habeas corpus was seized from him and where he was unable to access bailbondsmen, his family, attorneys, and the courts. (Id. 2d ¶ 11.) As a result of Lt. Kostura's actions, Plaintiff was subjected to harsher, more hostile housing and treatment amounting to cruel and unusual punishment. (Id. 2d ¶ 13.)

> 1.  Existence of the Conspiracy

The Court finds that Counts I - III of the Amended Complaint allege an agreement between Det. Hammer and Lt. Kostura to deprive Plaintiff of his Constitutional rights to reasonable bail, access to the courts, assistance of counsel, and due process. The Amended Complaint also contains particularized allegations of the time period of the conspiracy, March 10, 2004; the object of the conspiracy, to prevent Plaintiff from accessing counsel, accessing the courts, obtaining due process and obtaining bail; and actions taken in furtherance of the conspiracy, specifically placing Plaintiff in the Bubble and seizing his petition for writ of habeas

corpus.  The Court finds, consequently, that Counts I - III of the Amended Complaint allege the existence of a conspiracy involving state action with sufficient specificity to satisfy the first element of a claim for conspiracy pursuant to 42 U.S.C. § 1983. See Marchese, 110 F. Supp. 2d at 371.

> 2.   Deprivation of rights arising from state law and federal statute

Counts I - III of the Amended Complaint allege that the March 10, 2004 conspiracy between Det. Hammer and Lt. Kostura resulted in a violation of Plaintiff's civil rights secured by 18 U.S.C. § 242 (Count III), 18 Pa. Cons. Stat. Ann. § 4301 (Count III), and article I, sections 8, 9, 11, 13 and 14 of the Pennsylvania Constitution (Counts I - III)   (Am. Compl. ¶¶ 12, 20, 27.)   As discussed in section IV.A.2. above, Plaintiff cannot bring a claim pursuant to Section 1983 for violation of his rights pursuant to the Pennsylvania Constitution, Pennsylvania statutes, and 18 U.S.C. § 242.   The Court finds, therefore, that Counts I - III of the Amended Complaint do not allege deprivations of Plaintiff's civil rights under state law or 18 U.S.C. § 242 "in furtherance of the conspiracy by a party to the conspiracy" in satisfaction of the second element of a claim for conspiracy pursuant to 42 U.S.C. § 1983.   See Marchese, 110 F. Supp. 2d at 371.   The Court further finds, accordingly, that Counts I - III of the Amended Complaint fail to state claims pursuant to Section 1983 for conspiracy to violate Plaintiff's civil rights arising under 18 U.S.C. § 242, 18

26

Pa. Cons. Stat. Ann. § 4301, and article I, sections 8, 9, 11, 13 and 14 of the Pennsylvania Constitution upon which relief may be granted and Defendants' Motions to Dismiss are granted with respect to these aspects of Counts I - III.

       3.   Deprivation of rights arising from the Fourth Amendment

Counts I - III of the Amended Complaint also allege that the March 10, 2004 conspiracy between Det. Hammer and Lt. Kostura resulted in a violation of Plaintiff's rights under the Fourth Amendment. However, none of these Counts, which pertain solely to Plaintiff's incarceration at Northampton County Prison and his placement in the Bubble, contain allegations relating to Plaintiff's arrest or searches of Plaintiff or his property. The Court finds, therefore, that Count IV does not state a claim pursuant to Section 1983 for violation of Plaintiff's rights under the Fourth Amendment. Consequently, Counts I - III of the Amended Complaint do not allege deprivations of Plaintiff's Fourth Amendment rights "in furtherance of the conspiracy by a party to the conspiracy" in satisfaction of the second element of a claim for conspiracy pursuant to 42 U.S.C. § 1983. See Marchese, 110 F. Supp. 2d at 371. The Court finds, accordingly, that Counts I - III of the Amended Complaint fail to state claims pursuant to Section 1983 for conspiracy to violate Plaintiff's Fourth Amendment rights upon which relief may be granted and Defendants' Motions to Dismiss are granted with respect to these aspects of Counts I - III.

4.   Deprivation of rights arising from the First,
     Fifth, and Fourteenth Amendments

Counts I - III of the Amended Complaint also allege that the March 10, 2004 conspiracy between Det. Hammer and Lt. Kostura resulted in the denial of Plaintiff's right to access the courts. (Am. Compl. ¶ 12, 2d ¶ 12.)  The Supreme Court has recognized that the constitutional right to access the courts "has been found in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." Gibson v. Supt. N.J. Dept. of Law, 411 F.3d 427, 441 (3d Cir. 2005) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)).  A plaintiff may bring a suit for denial of the right to access the courts for claims arising from the "'loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief.'" Id. (quoting Christopher, 536 U.S. at 414).  In order to state a backward looking denial of access to the courts claim, i.e., a claim which looks backward and "alleges that some past wrongful conduct influenced a litigation opportunity such that the litigation 'ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable'" the complaint must allege the following elements: (1) the underlying cause of action and whether that cause of action was anticipated or lost; (2) the official acts which frustrated that cause of action; and

28

(3) "a remedy that may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought." Id. at 441-42 (quoting Christopher, 536 U.S. at 414).

The only factual allegations in the Amended Complaint pertaining to actions which prevented Plaintiff from filing or litigating any particular cause of action are those describing Lt. Kostura's seizure of Plaintiff's petition for writ of habeas corpus.  (Am. Compl. 2d ¶ 7.)  The Amended Complaint does not, however, allege the basis of that petition and whether Plaintiff was able to assert the claims which formed the basis for that petition in any other action.  Consequently, the Court finds that Counts I- III of the Amended Complaint do not state a Section 1983 claim of denial of access to the courts in violation of Plaintiff's rights pursuant to the First, Fifth, and Fourteenth Amendments. Consequently, Counts I - III of the Amended Complaint do not allege deprivations of Plaintiff's Constitutional right to access the courts "in furtherance of the conspiracy by a party to the conspiracy" in satisfaction of the second element of a claim for conspiracy pursuant to 42 U.S.C. § 1983.  See Marchese, 110 F. Supp. 2d at 371.  The Court finds, accordingly, that Counts I - III of the Amended Complaint fail to state claims pursuant to Section 1983 for conspiracy to violate Plaintiff's right to access the courts under the First, Fifth and Fourteenth Amendments upon which

relief may be granted and Defendants' Motions to Dismiss are granted with respect to these aspects of Counts I - III.[5]

     5.   Deprivation of rights arising from the Eighth and Fourteenth Amendments

Counts I - III of the Amended Complaint allege that Lt. Kostura's actions in furtherance of the March 10, 2004 conspiracy violated Plaintiff's rights under the Eighth Amendment by denying his right to bail and subjecting him to cruel and unusual punishment. (Am. Compl. ¶ 12, 2d ¶ 7, 2d ¶ 12.)

The Eighth Amendment right to bail is applicable to the states pursuant to the Fourteenth Amendment. Roper v. Simmons, ___ U.S. ___, 125 S. Ct. 1183, 1190 (2005). Consequently, a defendant in a criminal case has a right to reasonable bail pursuant to the Eighth Amendment that is "cognizable under section 1983." Harrison v. Abraham, Civ.A.No. 96-4262, 1997 WL 256970, at *20 (E.D. Pa. May 16, 1997) (citing Harvin v. Post, No. 95-7888, 1997 WL 116985, at *4 (E.D. Pa. March 7, 1997)), aff'd 151 F.3d 1025 (3d Cir. 1998). Plaintiff does not claim that the amount of bail set by the District Magistrate ($10,000) was excessive, or that Lt. Kostura

_____

[5]Count I also states that Plaintiff's placement in the Bubble violated his First Amendment right to freedom of religion. Count I does not, however, allege that being placed in the Bubble violated any of Plaintiff's religious beliefs or that his placement prevented him from participating in any particular religious practice. Consequently, the Court finds that Count I does not state a claim pursuant to Section 1983 for violation of Plaintiff's First Amendment right to freedom of religion upon which relief may be granted.

had any part in the decision setting the amount of bail Plaintiff
was required to post.   However, the Amended Complaint does allege
that Lt. Kostura acted to prevent Plaintiff from obtaining bail
after the amount was set, resulting in a practical denial of his
right to bail pursuant to the Eighth and Fourteenth Amendments.
See United States v. Motlow, 10 F.2d 657, 659 (7th Cir. 1926) ("The
Eighth Amendment provides that 'excessive bail shall not be
required.' This implies, and therefore safeguards, the right to
give bail at least before trial. The purpose is to prevent the
practical denial of bail by fixing the amount so unreasonably high
that it cannot be given."); see also Stack v. Boyle, 342 U.S. 1, 7-
8 (U.S. 1951) (noting that the purpose of the right to bail under
American law is to enable criminal defendants to "stay out of jail
until a trial has found them guilty."); Hunt v. Roth, 648 F.2d
1148, 1157 (8th Cir. 1981) ("If the [E]ighth [A]mendment has any
meaning beyond sheer rhetoric, the constitutional prohibition
against excessive bail necessarily implies that unreasonable denial
of bail is likewise prohibited.  Logic defies any other resolution
of the question."), vacated as moot sub nom. Murphy v. Hunt, 455
U.S. 479 (1982) (per curiam).[6]   The Court finds, therefore, that

---

[6]A claim that a criminal defendant has been denied the
opportunity to obtain bail may also raise a claim under the
substantive due process clause of the Fourteenth Amendment.  See
United States v. Perry, 788 F.2d 100, 112 (3d Cir. 1986) ("While
the [E]ighth [A]mendment does not grant an absolute right to bail,
there is a substantive liberty interest in freedom from
confinement.").

Counts I - III state claims pursuant to Section 1983 for violation of Plaintiff's right to reasonable bail under the Eighth and Fourteen Amendments.

Count III of the Amended Complaint also alleges that Plaintiff's placement in the Bubble subjected him to "cruel and unusual punishment without due process of law." (Am. Compl. 2d ¶ 13.) Although Count III appears to assert a claim pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, "[p]retrial detainees are protected by the due process clause of the fifth and fourteenth Amendments, not the cruel and unusual punishment clause of the eighth amendment." <u>Williams v. Mussomelli</u>, 722 F.2d 1130, 1133 (3d Cir. 1983) (citing <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979)). As Plaintiff was a state pre-trial detainee, his claim is analyzed under the due process clause of the Fourteenth Amendment. <u>Hubbard v. Taylor</u>, 399 F.3d 150, 158 n.13 (3d Cir. 2005). In determining the constitutionality of the conditions of confinement of a pre-trial detainee, the Court examines "whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." <u>Bell</u>, 441 U.S. at 535. A two-step inquiry is used to determine whether the pre-trial detainee's conditions of confinement amount to punishment: the court determines "first, whether any legitimate

purposes are served by these conditions and second, whether these conditions are rationally related to these purposes." Hubbard, 399 F.3d at 159 (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

Count III of the Amended Complaint alleges that Plaintiff was placed in the Bubble in order to prevent him from accessing bail, his family, attorneys, and the courts to keep him from obtaining release from pre-trial detention. Read in the light most favorable to Plaintiff, Count III alleges that there was no legitimate purpose for Plaintiff's placement in the Bubble. Accordingly, the Court finds that Count III states a Section 1983 claim for violation of Plaintiff's Fourteenth Amendment due process rights arising from the conditions of his confinement in the Bubble.

Having found that Counts I - III state Section 1983 claims for violation of Plaintiff's Eighth and Fourteenth Amendment rights in connection with the practical denial of his right to reasonable bail, and that Count III states a Section 1983 claim for violation of Plaintiff's Fourteenth Amendment due process rights in connection with the conditions of Plaintiff's confinement in the Bubble, the Court finds that the Amended Complaint alleges that Plaintiff was subjected to violations of his Eighth and Fourteen Amendment rights in "furtherance of the conspiracy by a party to the conspiracy." See Marchese, 110 F. Supp. 2d at 371. Counts I - III of the Amended Complaint thus satisfy both prongs of Section

33

1983 claims of conspiracy to violate Plaintiff's Eighth and
Fourteenth Amendment rights against Det. Hammer and Lt. Kostura.
The Motions to Dismiss are, therefore, denied with respect to
Plaintiff's Section 1983 conspiracy claims against Det. Hammer and
Lt. Kostura in Counts I - III of the Amended Complaint arising from
the alleged violations of Plaintiff's Eighth and Fourteenth
Amendment rights.

> 6. Deprivation of rights arising from the Sixth
> Amendment

Counts I and III also allege that Plaintiff's Sixth Amendment
right to counsel was violated by his placement in the Bubble
because that placement prevented him from accessing counsel. (Am.
Compl. ¶ 12, 2d ¶ 12.) "[T]he right to counsel attaches 'at or
after the initiation of adversary judicial criminal proceedings --
whether by way of formal charge, preliminary hearing, indictment,
information, or arraignment.'" United States v. Muzychka, 725 F.2d
1061, 1068 (3d Cir. 1984) (quoting Moore v. Illinois, 434 U.S. 220,
226 (1977)). The Amended Complaint states that Plaintiff was
arraigned prior to his placement at Northampton County Prison.
(Am. Compl. ¶ 10.) His Sixth Amendment right to counsel had,
accordingly, attached. Counts I and III allege that Plaintiff was
placed in the Bubble in order to obstruct his access to counsel.
(Id. ¶ 12, 2d ¶¶ 11-12.) The Court finds, therefore, that Counts
I and III state Section 1983 claims for violation of Plaintiff's
Sixth Amendment right to counsel arising from his placement in the

Bubble.   Having found that Counts I and III state Section 1983 claims for violation of Plaintiff's Sixth Amendment right to counsel, the Court finds that these Counts allege that Plaintiff was subjected to violation of his Sixth Amendment rights in "furtherance of the conspiracy by a party to the conspiracy."  See Marchese, 110 F. Supp. 2d at 371.  Counts I and III of the Amended Complaint thus satisfy both prongs of Section 1983 claims of conspiracy to violate Plaintiff's Sixth Amendment rights against Det. Hammer and Lt. Kostura.   The Motions to Dismiss are, therefore, denied with respect to Plaintiff's Section 1983 conspiracy claims against Det. Hammer and Lt. Kostura in Counts I and III of the Amended Complaint arising from the alleged violations of Plaintiff's Sixth Amendment rights.

V.   MUNICIPAL LIABILITY

Counts II, III, IV and V assert Section 1983 conspiracy claims against the Colonial Regional Police Department arising from Plaintiff's arrest, the searches incident to that arrest, and Plaintiff's incarceration in the Northampton County Prison.  The Court understands these claims to be claims against the municipality of which the Colonial Regional Police Department is an agency.  See Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002) ("In § 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police departments are merely administrative agencies of the

municipalities -- not separate judicial entities.") (citations omitted).  Counts II and III also assert Section 1983 conspiracy claims against the County of Northampton arising out of Plaintiff's incarceration in the Northampton County Prison.

Defendants argue that the Colonial Regional Police Department and the County of Northampton must be dismissed as Defendants in this action because the Amended Complaint does not allege municipal liability in accordance with Monell v. Department of Social Services, New York City, 436 U.S. 658 (1978).  A municipality may only be held liable under Section 1983 when the municipality itself causes a constitutional violation pursuant to an official policy or governmental custom.  Monell, 436 U.S. 658 at 690-91.  In order to state a Section 1983 claim against a municipality in accordance with Monell, the Amended Complaint must allege: "(1) existence of a municipal custom or policy; and (2) violation of Plaintiff's constitutional rights by an officer acting pursuant to the municipal policy."  Moyer, 2001 WL 73428, at * 3 (citing Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996)).

The only specific allegation of wrongdoing on the part of the Colonial Regional Police Department made in the Amended Complaint is that it "failed to restrain Defendant Hammer" in connection with the false statements Hammer made in the criminal complaint and the affidavit of probable cause which were used to obtain the warrant for Plaintiff's arrest.  (Am. Compl. ¶ 19.)  The only specific

36

allegation of wrongdoing on the part of Northampton County made in the Amended Complaint is that it failed to restrain Lt. Kostura from putting Plaintiff in the Bubble.  (Am. Compl. 2d ¶ 12.)  The Amended Complaint also alleges, in Count I, that Lt. Kostura acted in accordance with "a good ol [sic] boy system."  (Am. Compl. ¶ 13.)  Plaintiff argues that the latter allegation sufficiently pleads that Lt. Kostura acted in accordance with municipal custom or policy.

A municipal policy is established when "a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).  A course of conduct becomes a municipal custom when "though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law."  Id. (quoting Monell, 436 U.S. at 690).  The Amended Complaint does not allege that the "good ol boy system" was formed according to established municipal policy or municipal custom of the County of Northampton or the municipality of which the Colonial Regional Police Department is an agency.  Consequently, the Court finds that the Amended Complaint fails to allege that either the Colonial Regional Police Department or the County of Northampton conspired to violate Plaintiff's civil rights pursuant to an

official policy or municipal custom.  The Motion to Dismiss filed by the Colonial Regional Police Department and Defendant Hammer is, therefore, granted with respect to Plaintiff's claims against the Colonial Regional Police Department and the Colonial Regional Police Department is dismissed as a Defendant in this action.  The Motion for Judgment on the Pleadings filed by the County of Northampton, Buskirk and Lt. Kostura is, accordingly, granted with respect to Plaintiff's claims against the County of Northampton and the County of Northampton is dismissed as a Defendant in this action.

The County of Northampton, Buskirk and Lt. Kostura have also moved for judgment on the pleadings with respect to Plaintiff's claims asserted against Defendants Buskirk and Lt. Kostura in their official capacities.  Where a suit is brought against a public officer in his official capacity, the suit is treated as if the suit were brought against the governmental entity of which he is an officer.  Brandon v. Holt, 469 U.S. 464, 471-72 (1985).  Since the Court has found that the Amended Complaint does not state any claims for municipal liability against the County of Northampton upon which relief may be granted, the Motion for Judgment on the Pleadings is also granted with respect to Plaintiff's claims against Buskirk and Lt. Kostura in their official capacities and those claims are dismissed.

VI.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Det. Hammer and the Colonial Regional Police Department is denied with respect to Plaintiff's Section 1983 claims for conspiracy to violate his Eighth and Fourteenth Amendment right to reasonable bail, his Fourteenth Amendment due process rights (relating to his conditions of confinement in the bubble), and his Sixth Amendment right to Counsel in Counts I - III of the Amended Complaint.  Both the Motion to Dismiss filed by Det. Hammer and the Colonial Regional Police Department and the Motion to Dismiss filed by Lobach are denied with respect to Plaintiff's Section 1983 claims for conspiracy to violate his Fourth Amendment right against unreasonable search and seizure in Counts IV and V of the Amended Complaint.[7]  Both Motions to Dismiss are granted in all other

---

[7]Plaintiff may proceed on the following claims asserted in the Amended Complaint:

Count I - a Section 1983 conspiracy claim against Lt. Kostura, Buskirk and Det. Hammer for violation of Plaintiff's Eighth and Fourteenth Amendment rights to reasonable bail and his Sixth Amendment right to counsel.

Count II - a Section 1983 conspiracy claim against Lt. Kostura, Buskirk and Det. Hammer for violation of Plaintiff's Eighth and Fourteenth Amendment rights to reasonable bail.

Count III - a Section 1983 conspiracy claim against Lt. Kostura, Buskirk and Det. Hammer for violation of Plaintiff's Sixth Amendment right to counsel, his Eighth and Fourteenth Amendment rights to reasonable bail, and his Fourteenth Amendment due process rights relating to the conditions of his confinement in the Bubble.

Counts IV and V - Section 1983 conspiracy claims against Det. Hammer and Lobach for violation of Plaintiff's Fourth Amendment right against unreasonable searches and seizures.

respects and the Colonial Regional Police Department is dismissed as a Defendant in this action.

The Motion for Judgment on the Pleadings filed by the County of Northampton, Buskirk, and Lt. Kostura is granted and Plaintiff's claims against the County of Northampton and against Buskirk and Lt. Kostura in their official capacities are dismissed. The County of Northampton is dismissed as a Defendant in this litigation.

Plaintiff asked the Court, during the Preliminary Pre-trial Conference held in this matter, for leave to file a second amended complaint to cure the deficiencies in his Amended Complaint. Consequently, the Motions to Dismiss have been granted without prejudice and Plaintiff may file a second amended complaint, curing the deficiencies in the Amended Complaint which they address, within 20 days. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PISKANIN          :          CIVIL ACTION
                             :
          v.                 :
                             :
DET. GARY HAMMER, ET AL.     :          NO.  04-1321

O R D E R

**AND NOW**, this 14th day of November, 2005, upon consideration
of the Motion to Dismiss filed by Defendants Gary Hammer and the
Colonial Regional Police Department (Docket No. 34), the Motion to
Dismiss filed by Richard Lobach (Docket Nos. 35, 36), the Motion
for Judgment on the Pleadings filed by Todd L. Buskirk, County of
Northampton and James Kostura (Docket No. 49), Plaintiff's
responses thereto, and Plaintiff's Motions for Extension of Time to
File an Amended Complaint (Docket No. 51) and for Leave to File an
Amended Complaint and Add Defendants (Docket No. 62), **IT IS HEREBY
ORDERED** as follows:

1.   The Motions to Dismiss (Docket Nos. 34, 35 and 36) are
     **GRANTED in part and DENIED in part.**  The Motions to
     Dismiss are **DENIED** with respect to Plaintiff's claims
     asserted in Counts I, II and III pursuant to 42 U.S.C. §
     1983 for conspiracy to violate his Sixth Amendment right
     to counsel, his Eighth and Fourteenth Amendment rights to
     reasonable bail, and his Fourteenth Amendment due process
     rights (relating to his conditions of confinement in the
     Bubble).  The Motions to Dismiss are also **DENIED** with

respect to Plaintiff's claims asserted in Counts IV and V pursuant to 42 U.S.C. § 1983 for conspiracy to violate his Fourth Amendment rights to be free of unreasonable searches and seizures.  The Motions to Dismiss are **GRANTED, without prejudice,** in all other respects.

2.   The Motion for Judgment on the Pleadings (Docket No. 49) is **GRANTED.**

3.   The Colonial Regional Police Department and the County of Northampton are **DISMISSED** as defendants in this action and the claims made against Todd L. Buskirk and Lt. Kostura in their official capacities are **DISMISSED.** Judgment is entered in favor of the County of Northampton and against Plaintiff.

4.   Plaintiff may file a second amended complaint, curing the deficiencies in the Amended Complaint, within 20 days of the date of this Order.

5.   Plaintiff's Motions for Extension of Time to File an Amended Complaint (Docket No. 51) and for Leave to File an Amended Complaint and Add Defendants (Docket No. 62) are **DISMISSED as moot.**

BY THE COURT:

_____
                    John R. Padova, J.

2