IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PISKANIN              :        CIVIL ACTION
                                 :
        v.                       :
                                 :
DET. GARY HAMMER, ET AL.         :        NO.  04-1321

ORDER-MEMORANDUM

Padova, J.

**AND NOW**, this 9th day of March, 2007, upon consideration of Defendant Gary Hammer's Motion for Summary Judgment (Docket No. 124) and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED**. **JUDGMENT** is entered in favor of Defendant Gary Hammer and against Plaintiff. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for statistical purposes.

Plaintiff, Michael J. Piskanin, has brought this action pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendants Detective Gary Hammer, Lieutenant Jim Kostura, Todd L. Buskirk, the Colonial Regional Police Department, Richard Lobach and the County of Northampton alleging violations of his civil rights arising from the search of his residence on February 10, 2004; his March 10, 2004 arrest; the search of his person, car and motel room in connection with his arrest; and his subsequent pre-trial detention in the Northampton County Prison. The searches and arrest led to Plaintiff's conviction on charges related to identity theft. Plaintiff's claims against the Colonial Regional Police Department and the County of Northampton were dismissed by our Order dated November 14, 2005. Plaintiff voluntarily dismissed his claims against Richard Lobach on February 7, 2007.

Motions for Summary Judgment were filed in this action by Detective Hammer and by

Lieutenant Kostura and Mr. Buskirk. On March 28, 2007, we granted Detective Hammer's Motion for Summary Judgment in part, dismissing Plaintiff's claims for violation of his Fourth Amendment rights in connection with the February 10, 2004 search of his residence, his March 10, 2004 arrest, and the searches of his person, car and residence conducted in connection with his arrest. Those claims, asserted in Counts II, III, IV, and IX of the Second Amended Complaint, allege that Plaintiff's arrest and the searches conducted by Detective Hammer were unlawful, thereby implying the invalidity of his conviction and sentence on the charges resulting from the searches and arrest. Plaintiff's conviction on those charges is presently on appeal and has not been invalidated. Counts II, III, and IX, and the claim for violation of Plaintiff's Fourth Amendment rights in Count IV, were, accordingly, dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Plaintiff moved for reconsideration of our March 28, 2007 Order. Plaintiff's Motion for Reconsideration was denied on May 7, 2007.

In addition to dismissing Plaintiff's Fourth Amendment claims, the March 28, 2007 Order granted Plaintiff additional time, until April 11, 2007, to respond to Defendant Hammer's Motion for Summary Judgment as to the remaining Counts of the Second Amended Complaint. At this time, there are seven Counts remaining against Defendant Hammer, all of which pertain to Plaintiff's pretrial detention in the Northampton County Prison. Count I alleges that Defendant Hammer

conspired with Defendants Kostura and Buskirk to violate Plaintiff's Sixth Amendment right to counsel, his Eighth Amendment right to reasonable bail, and his First, Fifth and Fourteenth Amendment rights to access the courts.  Count IV alleges that Defendant Hammer conspired with Defendants Kostura and Buskirk to violate Plaintiff's Eighth Amendment right to reasonable bail, his Fourteenth Amendment right to due process, and his First, Fifth and Fourteenth Amendment rights to access the courts.  Counts V and VI allege that Defendant Hammer conspired with Defendants Kostura and Buskirk to violate Plaintiff's First, Fifth, Eighth and Fourteenth Amendment rights by taking a religious medal from him, denying him access to reasonable bail, subjecting him to cruel and unusual conditions of confinement, and denying him the right to access the courts. Count VII alleges that Defendant Hammer conspired with Defendants Kostura and Buskirk to violate Plaintiff's Eighth Amendment right to reasonable bail.  Count VIII alleges that Defendant Hammer conspired with Defendants Kostura and Buskirk to violate state law.  Count X seeks an injunction staying Plaintiff's state court criminal proceedings and requiring the Commonwealth of Pennsylvania to release him from prison on the grounds that the criminal proceedings are the product of a masonic, anti-Catholic conspiracy.  On April 16, 2007, Plaintiff filed a Motion for Extension of Time to respond to Defendant Hammer's Motion for Summary Judgment.  His request was granted and he filed his response on May 2, 2007.

     Although Plaintiff's claims for violation of his Fourth Amendment rights, which were asserted in Counts II, III, IV and IX of the Second Amended Complaint, have been dismissed, Plaintiff's response to Defendant Hammer's Motion for Summary Judgment is addressed almost entirely to those claims.  Plaintiff has elected not to submit any additional evidence or argument in support of the remaining claims of the Second Amended Complaint.  Plaintiff has elected, instead,

to rely on his response to the Motion for Summary Judgment submitted by Defendants Kostura and Buskirk: "Plaintiff refers to and restates his various oppositions to the Motion for Summary Judgment of defendants Kostura and Bushkirk [sic] and denies defendant's claim that plaintiff's rights were not violated at Northampton County Prison and that defendant Hammer was not involved in any action at the Prison that could be the basis for a civil rights violation by Detective Hammer." (Pl. Reply at 9.)  We granted Defendants Kostura's and Buskirk's Motion for Summary Judgment with respect to Counts I, IV-VIII and X of the Second Amended Complaint on April 26, 2007, finding that there was no evidence in the record before us that would support Plaintiff's claims that Defendants Kostura and Buskirk violated his civil rights.  (4/26/07 Mem. at 17.)

The Second Amended Complaint asserts claims against Defendant Hammer pursuant to both 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983.  Section 1985(3) provides a private right of action for an individual who has been injured by a conspiracy of two or more persons to deprive him, or a class of persons, of "the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  42 U.S.C. § 1985(3).  In order to succeed on a claim brought pursuant to Section 1985(3), Plaintiffs must establish the following elements:

> (1) a conspiracy; (2) for the purpose of depriving any person or class of person of equal protection of the laws or equal privileges and immunities; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  To satisfy the second element, Plaintiff must allege that the Defendants were motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus.

Sutton v. West Chester Area School Dist., Civ.A.No. 03-3061, 2004 WL 999144, at *17-*18 (E.D. Pa. May 5, 2004) (citing Kelleher v. City of Reading, Civ.A.No. 01-3386, 2001 WL 1132401, at *2

(E.D. Pa. Sept. 21, 2001)). The Second Amended Complaint alleges that Defendant Hammer was motivated to deprive Plaintiff of his civil rights because he is a Roman Catholic. (2d Am. Compl. ¶ 14.) However, there is no evidence in the record that Defendant Hammer acted as a result of anti-Catholic beliefs. As Plaintiff has submitted no evidence that Defendant Hammer was motivated by "class-based, invidiously discriminatory animus," we find that he is entitled to the entry of judgment in his favor as a matter of law with respect to Plaintiff's claims brought pursuant to 42 U.S.C. § 1985(3) in Counts I, IV-VIII and X of the Second Amended Complaint.

In order to state a claim pursuant to Section 1983, a plaintiff "must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." Chapman v. Acme Markets, Inc., Civ.A.No. 97-6642, 1998 WL 196400, at *2 (E.D. Pa. Apr. 23, 1998) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982)). In order to succeed on a claim for conspiracy pursuant to Section 1983, Plaintiff must establish "(1) the existence of a conspiracy involving state action; and (2) a [deprivation] of civil rights in furtherance of the conspiracy by a party to the conspiracy." Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000) (citations omitted). There is no question that Defendant Hammer was a state actor. The issues before us with respect to Plaintiff's Section 1983 conspiracy claims are, accordingly, whether Defendant Hammer was a participant in a conspiracy to violate Plaintiff's civil rights and whether Plaintiff's civil rights were violated.

In our Memorandum dated April 26, 2007, we found that there is no evidence in the record before us to support Plaintiff's claims that the Defendants violated his Sixth Amendment right to assistance of counsel, his Eighth Amendment right to reasonable bail, his First, Fifth and Fourteenth

Amendment rights to access the courts, his Fourteenth Amendment right against cruel and unusual punishment, and his First Amendment right to religious freedom. (4/26/07 Mem. at 17.) We also found that there is no evidence in the record to support Plaintiff's claim that the Defendants obtained his telephone data in violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act or to support his claim that he is the victim of a masonic, anti-Catholic conspiracy. (Id.) In order to succeed on his claims that Defendant Hammer engaged in a conspiracy to violate his civil rights pursuant to Section 1983, Plaintiff must establish a deprivation of his civil rights in addition to the existence of a conspiracy involving state action. Since Plaintiff has put forward no additional evidence that would create a genuine issue of material fact regarding his claims that his civil rights were violated, we find that Defendant Hammer is entitled to the entry of judgment as a matter of law on all claims asserted against him in the Second Amended Complaint pursuant to Section 1983. Defendant Hammer's Motion for Summary Judgment is, therefore, granted.

        BY THE COURT:

        /s/ John R. Padova

        _____
        John R. Padova, J.